UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
YAHKEMP NEWKIRK, an individual,

                                        Case no.: 19-cv-5955

            Plaintiff,

      -against-

2008 EL REY RESTAURANT CORP., an entity,
MERCEDES A. TAVERAS, an individual, and
MERPRIETO REALTY LLC, an entity,

            Defendants.
---------------------------------------------------------------- X

## COMPLAINT

Plaintiff, YAHKEMP NEWKIRK, by and through his undersigned counsel, brings this action for injunctive relief, attorneys' fees, costs and litigation-related expenses, and compensatory damages against Defendants 2008 EL REY RESTAURANT CORP., MERCEDES A. TAVERAS and MERPRIETO REALTY LLC for violating Plaintiff's civil rights, as an individual with a disability, pursuant to federal law and New York State and local laws.

## NATURE OF SUIT

1.      This is a proceeding for relief to redress the deprivation of rights secured to Plaintiff as an individual with a disability *vis-à-vis* 42 U.S.C. § 12181 *et seq.*, Title III of the Americans with Disabilities Act (hereinafter "ADA"), the New York State Human Rights Law codified in NYS Exec. Law § 296 (2)(a), and the New York City Human Rights Law set forth in NYC Admin Code § 8-107(4)(a) entitling Plaintiff to injunctive, relief, compensatory damages for the harm he has suffered and attorneys' fees, costs and litigation expenses relating to bringing the case at bar.

## JURISDICTION

2.      The jurisdiction of this Court is invoked in accordance with 28 U.S.C. §§ 1331 and

1343 as the claims asserted herein arise under Title III of the ADA, encompassing 28 C.F.R. Part

36 (hereinafter "ADAAG"), and 42 U.S.C. § 12181 *et seq.*, and 28 U.S.C. §§ 2201-2202.

3.          The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367

for Plaintiff's claims aring under New York laws, NYS Exec. Law § 296 (2)(a) and NYC Admin

Code § 8-107(4)(a). The acts relating to these claims all occurred within the State and city of New

York.

4.          Personal jurisdiction and venue are appropriate in this forum as Defendants transact

business in this District through the operation of a commercial establishment open to the public

containing structural barriers to access by individuals with disabilities.

5.          All conditions precedent to filing suit are satisfied or are waived by Defendants as

their violations have been ongoing since the enactment of the ADA, NYS Exec. Law § 296 (2)(a),

and NYC Admin Code § 8-107(4)(a). Notice and/or administrative action are not required as

prerequisites to maintaining the care at bar.

## **PARTIES**

6.          Plaintiff YAHKEMP NEWKIRK ("NEWKIRK"), at all material times hereto, is

*sui juris*, residing in Brooklyn, New York, and qualifies as an individual with a "disability" as

defined by the ADA and under New York state and local law. *See* NYS Exec. Law § 292 (21) &

NYC Admin Code § 8-107(4)(a).

7.          On September 27, 2013, NEWKIRK suffered a gun-shot wound to his abdomen as

the victim on a "drive-by-shooting" while on his way from a friend's home; the bullet still remains

NEWKIRK's abdomen leaving NEWKIRK as a paraplegic due to the injury of his T-12 thoracic

vertebrae.

8.          NEWKIRK's family, including his mother, brother and daughter, and friends reside

throughout the five boroughs. NEWKIRK operates a vehicle specially equipped for individuals with disabilities containing hand controls for people like himself with no use of their legs, which also him to travel throughout the state of New York.

9.      NEWKIRK is a very active young man, only twenty-four, who enjoys going to the gym, swimming, playing basketball, going to the movies and reading books. In his spare time NEWKIRK talks to other disabled people to motivate them that there is "still life after being in a wheelchair."

10.      Plaintiff personally has visited the commercial establishment and property forming the basis of the case at bar.  However, NEWKIRK was and continues to be discriminated against and he has and continues to suffer an injury-in-fact because NEWKIRK's physical access to the property has been and is presently being restricted and/or prohibited by his disability (i.e. being confined in a wheelchair due to his paralysis).

11.      Plaintiff seeks to redress the discrimination he has suffered himself for himself as well as acting as a "tester-plaintiff" to advocate rights on behalf of other individuals with disabilities – consistent with his motivational speaking to other individuals with severely debilitating physical disabilities. NEWKIRK fully intends on returning to to the property to obtain goods and services and ensure the property is accessible for individuals with disabilities as required by federal, state, and local laws.

12.      Plaintiff NEWKIRK brings this lawsuit to recover compensatory damages, including attorneys' fees, costs, and litigation expenses relating to his pursuit of this action to enforce and obtain compliance with provisions of the ADA, the New York State Human Rights Law codified in NYS Exec. Law § 296 (2)(a) ("NYSHRL"), and the New York City Human Rights Law set forth in NYC Admin Code § 8-107(4)(a) ("NYCHRL") protecting the civil rights of

individuals with disabilities.

13.     Defendant MERPRIETO REALTY LLC is the owner of the real property located at 147-13 Hillside Avenue in Jamaica, New York (hereinafter "Property") on which a public food service business is operating under the trade name EL REY RESTAURANT.

14.     Defendant 2008 EL REY RESTAURANT CORP. is an "inactive" business corporation. Yet despite it being classified as "inactive" since June 29, 2016, Defendant 2008 EL REY RESTAURANT CORP. is still the business entity operating the EL REY RESTAURANT. Indicia of 2008 EL REY RESTAURANT CORP. continuing business operations – through its principal(s) and co-Defendant MERCEDES A. TAVERAS – is demonstrated by and through the following actions:

a. The Department of Health and Mental Hygiene issued License ID# 41388342 to "Applicant 2008 EL REY RESTAURANT CORP." whereby it "REINSTATED" the Food Service Establishment License through January 31, 2020;[1]

b. The New York State Liquor Authority, Division of Alcoholic Beverage Control License Information Number 1215966 provides an "ON-PREMISES LIQUOR" license "Active" with an effective date of July 9, 2019 expiring on June 30, 2021 for "2008 EL REY RESTAURANT CORP" and listing "Principal" as TAVERAS, MERCEDES A."[2]

15.     As the EL REY RESTAURANT is a commercial establishment conducting business and offering goods and/or services to the general public, it qualifies as a "place of public

---

[1] *See* https://www1.nyc.gov/nycbusiness/status/licenses-permits (searching by address 147-13 Hillside Avenue, Jamaica, NY 11435; under type: "FOOD SERVICE ESTABLISHMENT (GENERAL) LICENSE").

[2] *See* https://www.tran.sla.ny.gov/servlet/ApplicationServlet?pageName=com.ibm.nysla.data.publicquery.PublicQuerySuccessfulResultsPage&validated=true&serialNumber=1215966&licenseType=OP

accommodation.  *See* 28 CFR 36.201(a); *see also* NYS Exec. Law § 292 (9) & NYC Admin Code § 8-107(4)(a).

16.     Both Defendants 2008 EL REY RESTAURANT CORP and MERCEDES A. TAVERAS are the parties responsible for the EL REY RESTAURANT operating as a place of public accommodation under this trade name.  Defendants 2008 EL REY RESTAURANT CORP and MERCEDES A. TAVERAS are hereinafter collectively referred to as "EL REY RESTAURANT."

17.     When Plaintiff NEWKIRK was visiting EL REY RESTAURANT he encountered architectural barriers at the Property precluding him from reasonably accessing the goods and services provided to non-disabled individuals. As a result of Defendants' failure to maintain accessible features in violation of the ADA, NYSPHL and NYCPHL, and EL REY RESTAURANT failing to adhere to policies, practices and procedures to ensure the goods and services being offered at Defendant MERPRIETO REALTY LLC's Property, as well as the facilities themselves, are not accessible to people with disabilities, Defendants are causing Plaintiff an injury-in-fact discriminating against NEWKIRK solely because of his physical disability.

**ADA, NYSHRL and NYCHRL: ENSURING INDIVIDUALS WITH DISABILTIES PROTECTION AGAINST DISCRIMINATION**

**A.  ADA: 42 U.S.C. § 12181 *et seq.***

18.     Congress enacted the ADA to "[p]rovide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). One specific purpose of Title III of the ADA is guaranteeing reasonable accommodations for individuals with disabilities is to ensure they are not the subject of discrimination in the use of commercial facilities: "[s]ociety has tended to isolate and segregate individuals with disabilities," and "[i]ndividuals with disabilities continually encounter various

forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural … barriers … [and] failure to make modifications to existing facilities and practices…"

19.     In accordance with 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the architectural requirements providing guidelines for ensuring the elimination of structural barriers to access by individuals with disabilities as per the ADA ("ADAAG" Regulations"). The ADA and ADAAG Regulations require that operators of "commercial establishments" are responsible complying with these federal Accessibility Standards. Property owners and business operators are jointly responsible for ensuring compliance.

20.     The effective date of the Title III of the ADA, meaning the date by which commercial establishments were to have implemented all necessary and required modifications was January 26, 1992, businesses with 10 or fewer employees and gross receipts of $500,000.00 or less.

21.     The Property contains structural barriers to restricting and/or prohibiting access by persons confined to the use of a wheelchair that have and continue to discriminate against disabled individuals, including Plaintiff who himself suffered an injury-in-fact due to his inability to enter EL REY RESTAURANT.

22.     Defendants have and are continuing to violate the ADA and ADAAG Regulations by failing to provide accessible facilities despite modifying the Property since the ADA's enactment.

23.     The New York City Department of Buildings ("NYC DOB") website establishes that the Property on which EL REY RESTAURANT is operating has undergone substantial

remodeling, repairs and/or alterations since January 26, 1992, including but not limited to
commercial plumbing alterations and kitchen modifications as evidenced by NYC DOB Job Filing
Numbers 410045213and 402042464.[3]

24.      Alternatively, upon information and belief, Defendant(s) has sufficient income and
resources to make readily achievable accessibility modifications in accordance with the ADAAG
Regulations.

### B.  NYSHRL: NYS Exec. Law § 296 (2)(a)

25.      The NYSHRL, NYS Exec. Law § 296 (2)(a), states

> It shall be an unlawful discriminatory practice for any person, being the
> owner, lessee, proprietor, manager, superintendent, agent or employee of
> any place of public accommodation . . . because of the . . . disability . . . of
> any person, directly or indirectly, to refuse, withhold from or deny to such
> person any of the accommodations, advantages, facilities or privileges
> thereof . . . to the effect that any of the accommodations, advantages,
> facilities and privileges of any such place shall be refused, withheld from or
> denied to any person on account of . . . disability . . .

26.      The NYC Commission on Human Rights Legal Enforcement Guidance on
Discrimination on the Basis of Disability Manual expressly recognizes the law as being "more
protective" than the ADA as a "customer" must "only establish" the following for their *prima facie*
case:

> (1) that they have a disability;
> (2) that the covered entity knew or should have known about the disability;
> (3) that an accommodation would enable the employee, tenant, or
> customer to perform the essential requisites of the job or enjoy the
> rights in question; and
> (4) that the covered entity failed to provide an accommodation."

*Id.* at 50-51.

---

[3]*See* https://www1.nyc.gov/nycbusiness/status/licenses-permits (searching by property address
for listing of permitted work performed at Property).

## C. NYCHRL: NYC Admin Code § 8-107(4)(a)

27.	In accordance with NYC Administrative Code § 8-104 one of the key "Functions" of The New York City Commission on Human Rights  is: "(1) To foster mutual understanding and respect among all persons in the City of New York; (2) To encourage equality of treatment for, and prevent discrimination against, any group or its members…"

28.	The relevant section of New York City's Administrative Code addressing unlawful discrimination against individuals with disabilities provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of . . . disability. . . .

> *See* NYC Admin Code § 8-107(4)(a).

### STRUCTURAL BARRIERS AT PROPERTY RESULTING IN *PER SE* DISCRIMINATION UNDER THE ADA, NYSPHL and NYCPHL

29.	The ADAAG Regulations were promulgated to establish minimum uniform architectural standards that would provide individuals with disabilities reasonable access into and enjoyment of commercial establishments.  Property being operated as a commercial establishment open to the public must comply with the ADA and the ADAAG Regulations.

30.	EL REY RESTAURANT and Defendant MERPRIETO REALTY LLC's Property are not in compliance with the following applicable ADAAG Regulations:

> **ADAAG 206 Accessible Routes**
> **ADAAG 206.1 General.**
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. ADAAG

**206.2 Where Required.**
Accessible routes shall be provided where required by 206.2.

**AAAG 206.2.1 Site Arrival Points.**
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

**ADAAG 206.2.4 Spaces and Elements.**
At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements within the building or facility which are otherwise connected by a circulation path unless exempted by 206.2.3 Exceptions 1 through 7.

**ADAAG 206.4 Entrances.**
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

**ADAAG 206.4.1 Public Entrances.**
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.

**ADAAG 303.1 Changes in Levels.**
Changes in levels along an accessible route shall comply with 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in 4.1.3 and 4.1.6) shall be provided that complies with 4.7, 4.8, 4.10, or 4.11, respectively.

**ADAAG 303.4 Ramps.**
Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406. ADAAG

**ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

**ADAAG 405.1 General.**
Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip-resistant, and shall comply with 4.5.

**ADAAG 603 Toilet and Bathing Rooms**
**ADAAG 603.1 General.**

Toilet and bathing rooms shall comply with 603.

**ADAAG 603.2 Clearances.**
Clearances shall comply with 603.2.

**ADAAG 603.2.1 Turning Space.**
Turning space complying with 304 shall be provided within the room.

**ADAAG 304.3.1 Circular Space.**
The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306

**ADAAG 606 Lavatories and Sinks**
**ADAAG 606.2 Clear Floor Space.**
A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.

**ADAAG 306.2 Toe Clearance.**
**ADAAG 306.2.3 Minimum Required Depth.**
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width.**
Toe clearance shall be 30 inches (760 mm) wide minimum. ADAAG

**306.3 Knee Clearance.**
**ADAAG 306.3.3 Minimum Required Depth.**
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

**ADAAG 306.3.5 Width.**
Knee clearance shall be 30 inches (760 mm) wide minimum.

31.     The above ADAAG violations are not intended as a complete list of violations impeding NEWKIRK from reasonably accessing goods and services at EL REY RESTAURANT.

32.     Remediating the ADA and ADAAG violations set forth herein are both technically feasible and readily achievable.

33.     Establishing policies, practices and procedures to assist individuals with disabilities is also necessary and may be achieved relatively easily with proper training and written protocols

34.     NEWKIRK is and remains unable to physically enter the Property of EL REY RESTAURANT with his wheelchair due to structural impediments acting as barriers to access in violation of the ADAAG regulations.  Not only is the front entrance to El Rey inaccessible but the side entrance is also inaccessible due to step on the interior of the establishment preventing NEWKIRK from accessing the ordering and eating areas.

35.     As a result of NEWKIRK being unable to enter EL REY RESTAURANT in his wheelchair, NEWKIRK has been indirectly refused and/or had access withheld from him to the goods or services offered on the Property.

36.     The structural impediments at the Property of EL REY RESTAURANT in violations of the ADAAG Regulations infringe upon Plaintiff's right to travel free of discrimination in accordance with the ADA, NYSPHL and NYCPHL thereby causing Plaintiff harm in the form of suffering frustration, shame and humiliation, which damages constitutes an injury-in-fact.

37.     The barriers to access of the Property has deterred and prevented NEWKIRK from availing himself of, and are denying him the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at EL REY RESTAURANT equal to those afforded to other individuals in violation of the ADA, NYSPHL and NYCPHL.

38.     The present violations at Defendants' facility threaten Plaintiff's safety.  Moreover, Plaintiff was and is blocked by physical barriers to access at the Subject Property, dangerous conditions, and ADA violations, existing upon the Subject Property, including those specified above. Additional violations beyond those identified in paragraph 30 will be set forth within Plaintiff's expert disclosures.

39.     In the future, NEWKIRK fully intends to visit the Subject Property to obtain good

and services and to test whether it is compliant with this Court's Order requiring remediation so individuals with disabilities may make use of all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property.

40.      At the moment, however, NEWKIRK cannot return to the Property in light of his disabilities; unless and until the Property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein in violation of the ADA, NYSPHL, and NYCPHL.

41.      The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants.

## COUNT I: VIOLATIONS OF THE ADA

42.      Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

43.      Defendant MERPRIETO REALTY LLC is the owner of the Property on which EL REY RESTAURANT is operating as a place of public accommodation, which discriminates against individuals with disabilities confined to wheelchairs.

44.      Individuals confined to wheelchairs, including NEWKIRK have been denied access to and the benefits of services, programs and activities at EL REY RESTAURANT as a result of MERPRIETO REALTY LLC's Property containing structural barriers preventing any access by NEWKIRK and EL REY RESTAURANT failing to implement policies and procedures for assisting access by individuals with disabilities in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

45.      Defendants are continuing to discriminate against Plaintiff by failing to make

reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA despite it being readily achievable and/or technically feasible to perform or cause to be performed the necessary remediation.

46.     The structural impediments at Defendants' Property and commercial establishment must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

47.     By permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

48.     Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein, and there is no adequate remedy available at law.

49.     The undersigned law firm has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendants' compliance with the ADA.

50.     Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy the Defendants' ADA violations, including but not limited to issuing an order requiring Defendants to alter the subject property to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until

such time as Defendants cure all ADA violations.

## COUNT II: VIOLATIONS OF THE NYSPHL

51.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

52.     The NYSHRL has been enacted to make "unlawful discriminatory practices for any person being the owner … proprietor … of any place of public accommodation . . . because of the . . . disability … [by] refus[ing], withhold[ing] from or deny[ing] to such person any of the accommodations … or privileges thereof . . . to the effect that any of the accommodations … and privileges of any such place shall be refused, withheld from or denied to any person on account of . . . disability ."

53.     NEWKIRK is an individual with disability as defined by the NYSPHL.

54.     The Property on which EL REY RESTAURANT is owned by MERPRIETO REALTY LLC and is operating is a place of public accommodation as defined by the NYSHRL.

55.     Plaintiff visited the Property and encountered architectural barriers made unlawful by the ADA, ADAAG Regulations, and by the NYSHRL.  *See* NYS Exec. Law § 296 (2)(a).

56.     Defendants have, directly or indirectly, refused, withheld, and/or denied to NEWKIRK, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Property to non-physically disabled individuals not confined to wheelchairs by maintaining architectural barriers that discriminate against people with disabilities.

57.     By the actions and inactions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at EL REY RESTAURANT of the Property.

58.     NEWKIRK has suffered an injury-in-fact resulting from the pain and humiliation of Defendants' discrimination. Plaintiff demands compensatory damages based on Defendants' violation of the NYSHRL.

59.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

## COUNT III: VIOLATIONS OF THE NYCHRL

60.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

61.     The NYCHRL provides that by refusing access into an establishment by a person with a disability solely because of their disability the operator of said establishment is engaging in an "unlawful discriminatory practice." *See* NYC Admin Code § 8-107(4)(a).

62.     As NEWKIRK was unable to enter EL REY RESTAURANT, Defendants are in violation of the NYCHRL because the Defendants have and are denying Plaintiff full and safe access to all accommodations, benefits, and services of the Property.

63.     NEWKIRK has suffered an injury-in-fact resulting from the pain and humiliation of Defendants' discrimination.  Plaintiff demands compensatory damages based on Defendants' violation of the NYSHRL.

64.     The undersigned law firm has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and expenses from the Defendants pursuant the NYCHRL.

**INJUNCTIVE RELIEF**

65.      Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set

forth herein.

66.      Plaintiff will continue to experience unlawful discrimination because of

Defendants' failure to comply with the ADA, NYSHRL, and NYCHRL.

67.      This Court has jurisdiction in accordance with 42 U.S.C. § 12188 to grant

NEWKIRK injunctive relief, including but not limited to the issuance of an Order to alter the

Property to make it readily accessible to, and useable by, all individuals with disabilities, including

Plaintiff, as required pursuant to the ADA, the NYSHRL, and NYCHRL, and closing the facilities

until the requisite modifications are complete.

68.      Injunctive relief is necessary and proper to ensure Defendants alter and modify The

Property, as a place of public accommodation, and EL REY RESTAURANT's policies, business

practices, operations and procedures.

69.      Injunctive relief is also necessary to make the Subject Property readily accessible

and useable by Plaintiff in accordance with the ADA, the NYSHRL, and NYCHRL.

**DEMAND FOR JURY**

70.      A jury trial is demanded on all counts so triable.

**CLAIM FOR RELIEF**

 **WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and

severally, and requests the following injunctive and declaratory relief as follows: (1) a declaration

that the Subject Property owned, leased, operated, and/or controlled by Defendants is in violation

of the ADA, the NYSHRL, and NYCHRL; (2) an Order requiring Defendants to establish neutral

their policies, practices and procedures towards individuals with disabilities, for such reasonable

time to allow the Defendants to undertake and complete corrective procedures at the Property; (3)

an Order requiring Defendants to alter their facilities and amenities to make them accessible to and

useable by individuals with disabilities as required pursuant to Title III of the ADA, the NYSHRL,

and NYCHRL; (4) an Order issuing a permanent injunction ordering Defendants to close the

Subject Property and cease all business until Defendants remove all violations under the ADA, the

NYSHRL, and NYCHRL, including but not limited to the violations set forth herein; (5) an award

of reasonable attorneys' fees, costs, disbursements and other expenses associated with this

litigation, in favor of the Plaintiff; and (6) for such other and further relief that this Court deems

just, necessary and proper.

Dated: Brooklyn, New York
        October 22, 2019

                                    Respectfully submitted,

                                    **SOLOMOS & STORMS**

                                    By: /s/ Derrick Storms
                                    Derrick Storms, Esq.
                                    33-08 Broadway
                                    Astoria, NY 11106
                                    Tel: (718) 278-5900
                                    dstormsesq@gmail.com